UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

AMC Mortgage Services, Inc.

   v.                               Civil No. 08-cv-313-JL
                                     Opinion No. 2008 DNH 190

Joy A. Chase

**O R D E R**

This is an appeal from two decisions of the bankruptcy court in a Chapter 13 bankruptcy case. The creditor/appellant, AMC Mortgage Services, Inc., appeals the decision of the Bankruptcy Court (Deasy, J.) (document no. 69) concluding that AMC Mortgage's appeal of a prior order was untimely, see Fed. R. Bankr. P. 8002(a), and refusing to grant an extension of the appeal period because AMC Mortgage did not demonstrate that the late filing was a product of "excusable neglect." See Fed. R. Bankr. P. 8002(c)(2). AMC Mortgage also appeals the order of the Bankruptcy Court (Vaughn, C.J.)(document no. 72) denying AMC Mortgage's motion to reconsider or amend the court's order. After oral argument, and considering the arguments set forth in both parties' legal memoranda, this court affirms both orders.

I. **APPLICABLE LEGAL STANDARD**

This court has jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court under 28 U.S.C. §§ 158 (a)(2000).  See also L.R. 77.4 (2008).  District courts, in these cases, apply the same standards of review governing appeals of civil cases to the appellate courts.  Cf. In re Watman, 301 F.3d 3, 7 (1st Cir. 2002).  As such, findings of fact by the bankruptcy court are not set aside unless they are clearly erroneous.  Id.; Palmacci v. Umpierrez, 121 F.3d 781, 785 (1st Cir. 1997); see Fed. R. Bankr. P. 8013.  "A finding of fact is clearly erroneous, although there is evidence to support it, when the reviewing court, after carefully examining all the evidence, is left with the definite and firm conviction that a mistake has been committed."  Palmacci, 121 F.3d at 785 (quotations omitted).  The bankruptcy court's legal conclusions are reviewed de novo.  In re Gonic Realty Trust, 909 F.2d 624, 626 (1st Cir. 1990).  "Discretionary rulings made pursuant to the Bankruptcy Code are reviewable only for an abuse of discretion."  Id.  "A bankruptcy court may abuse its discretion by ignoring a material factor that deserves significant weight, relying on an improper factor, or, even if it considered only the proper mix of factors, by making a serious mistake in judgment."  In re Salem Suede, Inc., 268 F.3d 42, 44 (1st Cir. 2001)(quotations and brackets omitted).

Further, reviewing courts in this circuit must show particular deference to decisions regarding excusable neglect. In re Power Recovery Systems, Inc., 950 F.2d 798, 801 (1st Cir. 1991). "The question of excusable neglect is by its very nature left to the discretion of the bankruptcy court whose decision should not be set aside unless the reviewing court, a district court or court of appeals, has a definite and firm conviction that the court below committed a clear error of judgment." Id.

## II. BACKGROUND

Because this dispute involves the process for appealing orders of the bankruptcy court, it is informative to briefly outline the underlying statutory scheme before reciting the procedural facts of this case. District courts have statutory authority to hear appeals from bankruptcy court decisions. 28 U.S.C. § 158. Federal Rule of Bankruptcy Procedure 8002(a) provides that the appealing party must file a notice of appeal with the bankruptcy court within ten days after the entry of judgement. See also L.R. 77.4(c) (granting authority to the bankruptcy court to dismiss appeals that are untimely under Fed. R. Bankr. P. 8002(a)). A bankruptcy court, however, may extend the time to file an appeal, if the appellant, upon motion to the court, demonstrates that the appeal was untimely because of "excusable neglect." See Fed. R. Bankr. P. 8002(c)(2).

AMC Mortgage is one of two creditors of Joy Chase in a Chapter 13 bankruptcy case. See generally 11 U.S.C. §§ 1301–1330 (2000)(amended 2005). On June 3, 2008, the bankruptcy court entered an order ruling that AMC Mortgage's claim was allowed as a general unsecured creditor in the amount of $74,439.78 (the "Claim Order"). On June 6, 2008, the bankruptcy court entered an order confirming Chase's plan of reorganization ("Confirmation Order"). That day, AMC Mortgage filed a motion to vacate the Confirmation Order pending the expiration of the appeal period on the Claim Order. The court granted AMC Mortgage's motion on June 9, 2008, ruling that the Confirmation Order would be reinstated if AMC Mortgage failed to file a timely appeal of the Claim Order. AMC Mortgage filed its notice of appeal on Monday, June 16, 2008 ("Notice of Appeal"), along with a motion for a stay pending appeal ("Stay Motion"). Chase objected, pointing out that the appeal period for the Claim Order passed on June 13, 2008. AMC Mortgage then filed a response ("Extension Motion"): (1) contending that its appeal was timely filed because the deadline to file fell on Saturday, June 14th, and, (2) requesting, in the alternative, an extension under 8002(c) because of excusable neglect. The bankruptcy court, after a hearing, concluded that AMC Mortgage's notice of appeal of the

Claim Order was untimely[1] and thus denied the stay motion for lack of jurisdiction.[2]  The court also denied the Extension Motion because it concluded that AMC Mortgage failed to demonstrate that the late filing was the product of excusable neglect.

AMC Mortgage filed an "Expedited Motion to Reconsider or Amend," asking the bankruptcy court to reconsider its denials of the Stay Motion and Extension Motion.  The bankruptcy court, treating the motion as a motion to alter or amend under Federal

---

[1]  The attorney for AMC Mortgage who filed the untimely notice of appeal was not the same attorney handling this District Court appeal.

[2]  The bankruptcy court noted that compliance with Fed. R. Bankr. P. 8002(a) was mandatory and jurisdictional.  Although there is longstanding precedent to this effect, see In re Abdallah, 778 F.2d 75, 77 (1st Cir. 1985), that holding recently has been called into doubt.  See In re Weaver, No. 08-8046, 2008 WL 4225998, at *1 (1st Cir. Sept. 17, 2008)(declining to decide whether appeal period in Fed. R. Bankr. P. 8001(f)(1), which implicates Fed. R. Bankr. P. 8002, is jurisdictional or a claims-processing rule); compare Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); In re High Voltage Eng'g Corp., No. 07-2589, slip op. at 7-8 (1st Cir. October 6, 2008)(citing Bowles and concluding that running of appeal period under Fed. R. App. P. 4(a)(1)(A) renders order final and unappealable) with Kontrick v. Ryan, 540 U.S. 443, 454 (2004)(filing deadlines prescribed in Fed. R. Bankr. P. 404 and 9006(b)(3) are not jurisdictional).  This court need not decide the issue in order to dispose of this appeal.  The issue at hand is not whether Fed. R. Bankr. P. 8002(a) is jurisdictional, but whether the underlying notice of appeal was timely filed, and if not, whether  Fed. R. Bankr. P. 8002(c) allows for expansion of the appeal period upon a finding of excusable neglect.

Rule of Civil Procedure 59(e), see generally, Fed. R. Bankr. P. 9023; United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 n.9 (1st Cir. 2004), denied the motion because AMC Mortgage failed to demonstrate a manifest error of law.  See F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992).  This appeal followed.

III. **ANALYSIS**

AMC Mortgage contends that the bankruptcy court erred in concluding:  (a) that the appeal of the Claim Order was untimely, and, (b) that the misunderstanding did not constitute excusable neglect.  AMC Mortgage also requests review of the denial of the "Expedited Motion to Reconsider or Amend."

A.   **Computation of appeal period**

AMC Mortgage contends, in its motion before this court,[3] that the bankruptcy court erroneously concluded that its notice of appeal of the Claim Order was untimely filed.  A notice of appeal is timely if it is filed within 10 days after the entry of

---

[3] This court notes that at oral argument, counsel for AMC Mortgage, who was not counsel below, conceded that AMC Mortgage incorrectly calculated the appeal period.

judgment.[4]  Fed. R. Bankr. P. 8002(a).  Neither party disputes that the Claim Order was entered on Tuesday, June 3, 2008 and that AMC Mortgage filed the Notice of Appeal on Monday, June 16, 2008.  The bankruptcy court concluded that the tenth day after the date of entry of judgment was Friday, June 13, 2008 and thus the Notice of Appeal was not timely filed.

AMC Mortgage contends that the bankruptcy court failed to take into account the language in Fed. R. Bankr. P. 9006(a): "[i]n computing any period of time prescribed or allowed by these rules . . the day of the act, event, or default from which the designated period of time begins to run shall not be included."  AMC Mortgage asserts that if the court does not include Tuesday, June 3rd in its calculations, then the appeal period would have ended on Saturday, June 14th, giving it until Monday, June 16th to file.  See Fed. R. Bankr. P. 9006(a)(if the appeal period ends on a weekend or holiday, the period is extended until the end of the next regular business day).

This claim is without merit.  If an appellant counts the day after judgment was entered as "Day One" (in this case June 4th), and all subsequent days in order, then "Day 10" falls on Friday,

---

[4] Unlike the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure include intermittent weekends in its computation of periods unless the period of time prescribed is less than eight days.  Compare  Fed. R. Civ. P. 6 (a) (2) with Fed. R. Bankr.  P. 9006 (a).

7

June 13th.  The rules state that the notice of appeal must be filed <u>within</u> ten days.  The bankruptcy court was correct in concluding that AMC Mortgage's notice of appeal was untimely because it was not filed on or before June 13th.

### B. **Excusable neglect**

AMC next contends that the bankruptcy court erred in concluding that its failure to timely file the Notice of Appeal was not a product of "excusable neglect."  A court's determination of whether an error is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993).[5]  The Supreme Court has instructed courts to weigh four factors in making an excusable neglect determination, namely, "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  <u>Graphic</u>

---

[5]   Although this case was decided under Fed. R. Bankr. P. Rule 9006(b)(1), the principles of excusable neglect set forth in <u>Pioneer</u> and derived therefrom have been found applicable in a variety of civil cases.  <u>Cf.</u> <u>$23,000 in United States Currency</u>, 356 F.3d at 165  n.7; <u>Graphic Commc'ns Int'l Union Local 12-N v. Quebecor Printing Providence, Inc.</u>, 270 F.3d 1, 5 (1st Cir. 2001).

Commc'ns Int'l Union Local 12-N, 270 F.3d at 5 (brackets omitted).

The bankruptcy court did not err in its application of the Pioneer factors to this case. It properly concluded that counsel's failure to compute the appeal period accurately did not constitute excusable neglect. See id., 270 F.3d at 6-7 (cases decided after Pioneer support refusal to excuse untimely notice of appeal). It is well-settled that simply alleging "mistake" is not sufficient to satisfy the excusable neglect standard. See id. at 5. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Pioneer Inv. Servs. Co., 507 U.S. at 392; see also, e.g., Graphic Commc'ns Int'l Union Local 12-N, 270 F.3d at 6. Accordingly, the First Circuit Court of Appeals has made it clear that

> when a party's or counsel's misunderstanding of clear law or misreading of an unambiguous judicial decree is the reason for the delay in filing the notice of appeal, we have continued to uphold findings of no excusable neglect where the court cited the absence of unique or extraordinary circumstances.

Graphic Commc'ns Int'l Union Local 12-N, 270 F.3d at 6 (quotations omitted). The bankruptcy court in this case concluded that the timing provisions are "clear and unambiguous" and that counsel's failure to follow them was a result of a

9

mistaken belief as to the appeal period's computation.[6]  The court also made clear that AMC Mortgage's mistake was not of the category of errors often found to constitute an excusable mistake.  Cf. Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 631 (1st Cir. 2000).

The discussion of the appeal period in section III(a) demonstrates that AMC Mortgage was simply mistaken in its calculation of the end date of the appeal period.  Therefore, as applicable precedent directs, there was no excusable neglect.  Despite AMC Mortgage's earnest wishes to the contrary, "[a] misunderstanding that occurs because a party (or his counsel) elects to read the clear, unambiguous rules through rose-colored glasses cannot constitute excusable neglect."  Hosp. del Maestro v. N.L.R.B., 263 F.3d 173, 175 (1st Cir. 2001) (quotations, brackets and ellipses omitted)(quoting Mirpuri, 212 F.3d at 631).  The denial of AMC Mortgage's extension motion was not an abuse of

---

[6]  This court notes that the bankruptcy court discussed at length its apparent frustration with counsel for AMC Mortgage's inability or unwillingness to concede that counsel had calculated the appeal period incorrectly.  Although it appears clear to this court that counsel was mistaken in calculating the appeal period, this court recognizes that counsel often must zealously advance alternative arguments.  This court's decision to affirm the ruling of the bankruptcy court is grounded in case law.  See Graphic Commc'ns Int'l Union Local 12-N, 270 F.3d at 6 (appropriate to find no excusable neglect where counsel misunderstands unambiguous rule).  It should in no way be interpreted as influenced by counsel's refusal below to concede his mistake.

10

discretion.  See Graphic Commc'ns Int'l Union Local 12-N, 270 F.3d at 6-7.

AMC Mortgage contends that even if counsel's mistake was not excusable neglect, the bankruptcy court abused its discretion because the other three Pioneer factors warranted an extension of the appeal period.  This argument also fails.  Although the bankruptcy court concluded that the other Pioneer factors weighed in favor of excusable neglect, it is well-settled that the reason for the mistake is the most important factor in the analysis. See, e.g., Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005); $23,000 in United States Currency, 356 F.3d at 164, 165.

> The four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import.  While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry.  At the end of the day, the focus must be upon the nature of the neglect.

Hosp. del Maestro, 263 F.3d at 175 (ellipses and brackets omitted).  Where, as here, the reason for the delay is clearly insufficient to justify an extension of the appeal period, it was within the bankruptcy court's sound discretion to deny a request for an extension even if the other factors weighed differently. See  Graphic Commc'ns Int'l Union Local 12-N, 270 F.3d at 7-8. The First Circuit has noted that where counsel's mistake resulted from inattention or misreading of a clear rule, "[t]o find this neglect to be excusable would only serve to condone and encourage

carelessness and inattention . . . ." Id. at 8 (quotations omitted). Accordingly, this court concludes that AMC Mortgage's claim that the bankruptcy court erred in denying its request for an extension is without merit.

C.   **Rule 59(e) motion**

AMC Mortgage requests review of the bankruptcy court's subsequent denial of its "Expedited Motion to Reconsider or Amend" the prior ruling that the Notice of Appeal was untimely filed and there was no excusable neglect. "Rule 59(e) motions are aimed at reconsideration, not initial consideration. . . . Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C., 978 F.2d at 16 (quotations and citations omitted).

The bankruptcy court denied the motion, concluding that AMC Mortgage had neither established a manifest error of law nor presented newly discovered evidence in its motion. This court agrees. First, in light of this court's decision above, there was no manifest error of law. Further, the only "newly discovered evidence" presented to the bankruptcy court was AMC Mortgage's apparent concession that it had erred in calculating the appeal period. This assertion does not alter the underlying conclusion that there was no excusable neglect. See Graphic Commc'ns Int'l Union Local 12-N, 270 F.3d at 6-7. Rule 59(e)

12

"does not provide a vehicle for a party to undo its own procedural failures."  Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997).  This court affirms the ruling of the bankruptcy court on this matter as well.

**IV. CONCLUSION**

This court finds that the bankruptcy court did not err in concluding that AMC Mortgage's notice of appeal was untimely and that it failed to demonstrate excusable neglect.  Accordingly, the order of the bankruptcy court (document no. 69) denying AMC Mortgage's Stay Motion and Extension Motion is affirmed, as is its denial (document no. 72) of AMC Mortgage's "Expedited Motion to Reconsider or Amend."  The case is remanded to the bankruptcy court for further proceedings.  The clerk shall close the case.

**SO ORDERED**

_____
Joseph N. Laplante
United States District Judge


Dated:  October 15, 2008

cc:  Thomas C. Tretter, Esq.
     Lawrence P. Sumski, Esq.
     Geraldine L. Karonis, Esq.
     Krista E. Atwater, Esq.